UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

TRACY MOSS, INDIVIDUALLY, AND AS A
REMAINDERMAN OF THE GOLDIE B. MOSS
IRREVOCABLE TRUST,

Civil Action No.

PLAINTIFF,

v.

IVEN TAUB, ESQ., TRUSTEE OF THE GOLDIE
B. MOSS IRREVOCABLE TRUST,

COMPLAINT
JURY TRIAL DEMANDED

DEFENDANT.

-------------------------------------------------------------------X

     Plaintiff, Tracy Moss ("Tracy" or "Plaintiff"), through her attorneys, Scarinci &
Hollenbeck, LLC, as and for her Complaint against Defendant, Iven Taub, Esq., Trustee of the
Goldie B. Moss Irrevocable Trust ("Defendant"), alleges upon personal knowledge as to herself
and her own acts, and upon information and belief as to all other matters, as follows:

## **INTRODUCTION**

    1.    On June 2, 2015, Defendant Trustee, a New York resident and a licensed attorney
with offices in Manhattan, entered into an agreement, dated as of May 29, 2015 (the "Trust
Creating Agreement"), pursuant to which Defendant serves as Trustee of the Goldie B. Moss
Irrevocable Trust (the "Trust") to the present time. A copy of the Trust Creating Agreement is
annexed hereto as **Exhibit A**.

    2.    Plaintiff, a resident of Florida, is one of two remaindermen and a beneficiary of
the Trust, in accordance with its terms, and is a signatory and party to the Trust Creating
Agreement.

3.      The other remainderman, beneficiary and signatory to the Trust Creating Agreement is Plaintiff's sister, Cynthia Moss, aka Cindy Moss ("Cindy"). Cindy is a resident of New York.

4.      Plaintiff is also a signatory party to the New York Supreme Court Stipulation, dated April 29, 2015, signed by Plaintiff, Cindy, their counsel, and the attorney for Goldie B. Moss, Bronwyn Black (now Justice Black), and "So Ordered" by New York Supreme Court Justice Laura Visitacion-Lewis (the Stipulation"). The Trust Creating Agreement specifically states that the terms and provisions of the Stipulation are incorporated in the Trust Creating Agreement. The Stipulation is annexed hereto as **Exhibit B**.

5.      Defendant recently wrote to Plaintiff, indicating that the Trust is running out of liquid assets. Given the estimated $15,000,000 net worth of the Trust when formed, and the substantial annual net cash flow into the Trust over the years, even after expenses, it would seem that the Trust should not be low on cash, as claimed by the Trustee. Accordingly, and since a formal accounting has never been presented for the Trust, Plaintiff seeks a formal accounting from the Trustee, and to recover of the Trustee any overpayments to himself or others, any mismanagement of the Trust assets, and payment to Plaintiff of any moneys that should have been paid to Plaintiff, but were not paid to her, as required under the Trust and Stipulation provisions.

## STATEMENT OF JURISDICTION

6.      The Plaintiff is a citizen of Florida. The Defendant is a citizen of New York. The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U. S. C. § 1332.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c).

4920-7405-1895, v. 1

## CLAIMS FOR RELIEF

### COUNT ONE
### BREACH OF FIDUCIARY DUTIES

8.      Plaintiff repeats and realleges the statements and allegations made in paragraphs 1 through 7 above, as more completely set forth therein.

9.      Defendant, as the Trustee of the Trust, had the duty to act for the Trust, and for Plaintiff's benefit, within the relationship's scope.

10.     Defendant did not act to the standard for a trustee for a well-funded trust and a very well-paid trustee.

11.     As more fully set forth in Count Two below, Defendant repeatedly failed to treat Plaintiff properly, and failed to act and report in the manner that each of the remaindermen and beneficiaries were and are to be treated and reported to, as set forth in the Trust Creating Agreement.

12.     The Trust Creating Agreement specifically states that it incorporates the  terms and provisions of the Stipulation of Settlement, dated April 29, 2015.   Accordingly, the Defendant's mismanagement and failure to honor the provisions and stated spirit of the Trust as to the benefits, enjoyments and reportings to the remaindermen and beneficiaries, as alleged in these claims, constitute breaches of the Defendant's fiduciary duties owed to the Plaintiff and to the Trust.

13.     The Defendant's failures, on a number of occasions, involving required reporting and distributing of Trust Assets, revenues and disbursements, resulted in substantial sums owed to the Plaintiff.   Given his knowledge of Plaintiff's personal and family circumstances of continuing medical and living costs needs over a substantial period of time, including to the

4920-7405-1895, v. 1

present time, Defendant's acts are such that the improper treatment and withholding of funds and reportings from Plaintiff are clearly purposeful and clearly wrongful.

14.     The Plaintiff and the Trust were damaged as a result of the mismanagement and misconduct of the Trustee.

**COUNT TWO**
**BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

15.     Plaintiff repeats and realleges the statements and allegations made in paragraphs 1 through 14 above, as more completely set forth therein.

16.     From at least 2018 to now, Defendant has not presented to Plaintiff, nor to Plaintiff's knowledge to anyone representing Plaintiff, a formal accounting of the finances of the Trust.  Instead, it was only in January 2025, after receiving a demand from Miriam Davidson, Esq., an attorney representing Plaintiff, that Defendant finally provided Plaintiff's attorney, Davidson, with most, but less than all, informal accountings and most, but not all, of the federal returns for each year.

17.     The recently provided informal accounting documents, and other records reviewed, show that the Trustee has mismanaged the Trust and has not acted in accordance with the spirit of the Trust Creating Agreement stated in several different paragraphs of the Trust Creating Agreement and in the Stipulation.

18.     By way of example, and without limitation, Defendant has failed to adhere to the stated and intended purposes of the Trust, including that he "render an account of the administration of the trust to Goldie and the remaindermen of the trust on an annual basis which accounting shall be made within thirty days after the close of the trust's taxable year." As stated above, the Trustee failed to fully and properly comply with this provision.

4920-7405-1895, v. 1

19.    During the relevant period, Plaintiff was relying upon Defendant to adhere to his agreement and duties under the Trust Creating Agreement, and to act in accord with the Stipulation "the terms of which are incorporated" in the first paragraph of the Trust Creating Agreement. Defendant failed to adhere to and comply with the provisions of the Stipulation; for example, he failed to adhere to and comply with provisions contained in paragraphs 15, 17, 19 and 22 of the Stipulation.

20.    Plaintiff is the mother of two minor children, both with special needs, and one of whom is on the spectrum, and she is the wife of a husband who has suffered disabling illness, and was and is unable to work. Accordingly, although Plaintiff has maintained efforts to support herself and her family by developing a dog grooming business, Plaintiff has been struggling financially for years under the burden of her family's medical and other living costs. Defendant, acting favorably to Cindy, has improperly and unfairly discriminated against Tracy, and has withheld funds that the Stipulation required be paid to Plaintiff, and has paid to Cindy amounts which have not been accounted for and matched with payments to Plaintiff, as required by the Stipulation, among other unfair, bad faith and improper acts by the Defendant.

21.    At the time the Trust was formed, Goldie had substantial assets, totaling an estimated net worth of approximately $15,000,000, or more, including liquid securities and cash, a rent producing apartment in Israel, a Manhattan cooperative apartment, and other real estate property in New York and elsewhere, including 100% ownership of Anthony's Overhead Doors Inc. and 60% of CTG Realty Corp.

22.    However, it appears that the Defendant may have failed to timely transfer into Trust ownership the title to the following substantial assets that were specifically listed and identified in paragraph 6 of the Stipulation, title to which it appears may have remained partially

4920-7405-1895, v. 1

or totally outside the Trust, and may cause the loss of value due to unnecessary estate taxes, for which the estate will become subjected, that should have been transferred into the Trust, including certain bank account deposits, in addition to improper commissions and other charges. For example, certain corporate accounts were or are held in the name of the corporation and not the Trust. Certain third-party payments for Goldie, such as from Social Security, were and are being paid into an unmonitored bank account to which Cindy, and not the Trustee, has had and continues to have access, and for which no reporting has been made.

23.     Another unfair aspect of Defendant's treatment of Plaintiff is the inequality of certain payments disbursed out of the Trust to Cindy, and not to Plaintiff, which inequality is expressly prohibited in paragraph 15 and elsewhere in the Stipulation and in the Trust Creating Agreement.

24.     The informal accountings list significant disbursements amounts that are unexplained and show material differences between informal accounting entries and the entries for the same payments, including on tax returns.

25.     Manifesting the unfairness and intimidations that have occurred as between the trustee and Plaintiff, early on in the installation of the Trust, the Defendant stated to the Plaintiff: "I will be your worst nightmare." Plaintiff's life had been challenging enough, without having a fiduciary speak to her in this intimidating manner.

### COUNT THREE
### NEGLIGENT MISREPRESENTATION

26.     Plaintiff repeats and realleges the statements and allegations made in paragraphs 1 through 25 above, as more completely set forth therein.

27.     Plaintiff had the right to expect Defendant to provide correct information.

28.     Defendant made material misrepresentations and omissions to Plaintiff in

6

connection with, among other matters, Trust assets, commissions and distributions, including those to which Plaintiff had and has a right to receive but did not receive.

29.     Defendant knew, or should have known, that said representations and omissions were false when made.

30.     Plaintiff was intimidated by Defendant and reasonably relied on the misrepresentations and omissions to her detriment.

31.     As a result of Defendant's negligent misrepresentations, Plaintiff has sustained damages.

**WHEREFORE**, the Plaintiff prays for judgment on her claims as follows:

A.     an award of $5,000,000;

B.     treble damages in favor of the Plaintiff and against the Defendant in such amount as may be proven at trial, but in any event not less than $15,000,000 million; and

C.     all costs incurred by the Plaintiff in connection with Plaintiff's attempts to recover her losses, including attorneys' fees, together with interest on the foregoing elements of compensatory damages set forth above;

D.     a formal accounting of the Goldie B. Moss Irrevocable Trust, from inception;

and such other relief that this Court may deem just and proper.

Dated:     April 29, 2025
          New York, New York

Respectfully submitted,

_____/s/ Dan Brecher_____
Dan Brecher, Counsel (DB-5308)
Scarinci & Hollenbeck, LLC
*Attorneys for Plaintiff*
519 Eighth Avenue, 25th Floor
New York, New York 10018
(212) 286-0747
dbrecher@sh-law.com

4920-7405-1895, v. 1