**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRACY MOSS, INDIVIDUALLY AND AS A REMAINDERMAN OF THE GOLDIE B. MOSS IRREVOCABLE TRUST, | **Case No.: 1:25-cv-03592-ER** |
| Plaintiff, | |
| v. | **DISCOVERY CONFIDENTIALITY ORDER** |
| IVEN TAUB, ESQ., TRUSTEE OF THE GOLDIE B. MOSS IRREVOCABLE TRUST, | |
| Defendant. | |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is ORDERED as follows:

1.      Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 79.5. Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY

CONFIDENTIALITY ORDER" (hereinafter "Confidential").

## USE OF CONFIDENTIAL MATERIAL

2.      All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 3, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

3.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a.      Counsel (herein defined as any attorney at the parties' law firms) for the parties;

b.      Experts or consultants retained by counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as **Exhibit A**;

c.      Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d.      The Court and court personnel, but only after the party filing or seeking to use the Confidential material in Court has moved to file it under seal or otherwise received permission from the designating party to file such information with the Court.

e.      Any deponent may be shown or examined on any information,

document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.      Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

g.      The Parties, meaning Plaintiff and Defendant. In the case of Parties that are corporations or other business entities, "Party" shall mean any individuals employed with or contracted by the party and who is participating in the lawsuit;

h.      The Parties' accountants, auditors, reinsurers, reinsurer intermediaries, or retrocessionaires, to whom a Party has an obligation to report or cooperate;

i.      Any mediator, arbitrator, or other alternative dispute resolution provider agreed to by the parties; and

j.      Other persons by written agreement of the Parties.

4.      Confidential material shall be used only by individuals permitted access to it under Paragraph 3.  Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a)

counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.  Any person subject to this Discovery Confidential Order who receives from any other person any Confidential material must take reasonably sufficient steps to prevent its unauthorized access, use or disclosure by or to anyone else except as expressly permitted by this Order.  The Parties and their counsel will maintain any Confidential material produced to them securely, with the same care with which they protect their own and their clients' sensitive and confidential materials.  If a Party receiving Confidential material confirms or suspects that they have been accessed, used, breached or hacked, without authorization or in violation of this Order, then the receiving Party must notify the producing Party no later than 24 hours after learning of the actual or possible unauthorized use or disclosure.  The receiving Party must fully cooperate in any effort by the producing Party to diagnose and remedy an actual or suspected unauthorized use or disclosure of Confidential material, including by promptly providing complete information about the nature, cause and timing of the unauthorized use or disclosure and the systems through which it occurred.

5.      With respect to any depositions that involve a disclosure of Confidential material of a party to this action, such party shall have until thirty (30) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d), (f) and (h) above and the deponent during these thirty (30) days, and no individual attending such a deposition shall disclose

the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) (f) and (h) above during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 3 and 4.

6.      If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a.      Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.      If a dispute as to a Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.2, before filing a formal motion for

an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

7.      The parties shall in good faith attempt to minimize the filing of Confidential materials with the Court.  To the extent that a party plans to file with the Court Confidential materials or information contained in Confidential materials, counsel for that party shall disclose this to the producing party or third-party at least two business days before making that filing and counsel for the filing party shall discuss with the producing party or third-party whether it is possible to avoid filing that material.  To the extent that a party wishes to proceed with filing the Confidential material or information contained in Confidential material after having the afore-said discussion, that party shall file a motion to file under seal the Confidential material or information contained in the Confidential material.  All requests to seal documents filed with the Court shall comply with Local Civil Rule 79.5.

8.      If the need arises during trial or at any Hearing before the Court for any party to disclose Confidential information, it may do so only after giving notice to the producing party and as directed by the Court.

## **INADVERTENT PRODUCTION**

9.      To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material hereafter that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing

disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure made hereafter may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential within thirty (30) calendar days after discovery of the production of Confidential material. Such notice shall constitute a designation of the information, document or thing as Confidential under this Discovery Confidentiality Order.

10.    The unintentional production hereafter of any information, document or thing protected by attorney-client privilege or work-product protection (collectively "Privileged Information") shall not constitute a waiver of any applicable privilege or other protection, provided that the producing Party notifies receiving Parties in writing of the unintentional production after the producing Party discovers the inadvertent production in accordance with paragraph 11 below.  No privilege or protection, including, but not limited to, the attorney client privilege and work-product protection, shall be waived by inadvertent disclosure hereafter, so long as the producing Party otherwise complies with this section on Inadvertent Production.

11.    If a producing Party discovers that it has hereafter produced documents that it considers to contain Privileged Information, the producing Party may retrieve such privileged documents or parts thereof provided that the producing Party gives written notice to all Parties stating that the documents are privileged/protected and setting forth the nature of the privilege or protection asserted and amending its privilege log accordingly, and provided that the notice is given within thirty (30) calendar days (i) after discovery of

the production of privileged documents or (ii) after a privileged document has been marked at a deposition or attached to a motion, but in no event less than ninety (90) calendar days before the scheduled trial date.

12.     Upon written notice of an unintentional production made hereafter of Privileged Information by the producing Party, the receiving Party must promptly return or destroy the specified materials and any copies thereof, and may not review, use, or disclose the information and confirm the return or destruction of the Privileged Information in writing to the producing Party within five (5) business days of being notified of the inadvertent disclosure.

13.     Provided that the producing Party strictly complies with paragraph 11 above with regard to production made hereafter, the Parties agree that the Producing party need not prove the elements of any applicable rule in order to establish inadvertent production or disclosure, and that the receiving Party shall not argue that: (i) the producing Party needs to establish inadvertent disclosure; (ii) the producing Party failed to take reasonable precautions to prevent disclosure; (iii) the producing Party failed to take reasonably prompt measures to rectify the error once the producing Party knew or should have known of the disclosure; (iv)  the producing Party failed to notify the receiving Party of the claim of privilege or protection within a reasonable time; or (v) the production or disclosure in this litigation was in any way a waiver of such privilege or protection.

14.     To the extent that the information contained in a document produced hereafter that is subject to a claim of inadvertent production already has been used in or described in other documents generated or maintained by the receiving Party, the receiving

Party will sequester such Privileged Information until the claim has been resolved.  If the receiving Party discloses the claimed Privileged Information before being notified of its inadvertent production, then the receiving Party must take reasonable steps to retrieve the information until the claim is resolved.

15.    The Parties will endeavor to make any claims of the inadvertent production of Privileged Information pursuant to the protections of this Order prior to the conclusion of expert discovery in this action.  If notice of the inadvertent production of Privileged Information is first made in response to the designation of documents relied upon by an expert witness, the expert shall be given a reasonable opportunity to amend his or her opinion.

16.    If any receiving Party shall hereafter come into possession of a document or information from a producing Party not previously received from a producing Party that the receiving Party has reason to believe was Privileged Information unintentionally produced by the producing Party hereafter, the receiving Party shall take reasonable, good faith steps to notify the producing Party of the production of that Privileged Information so the producing Party can make a determination of whether such materials were unintentionally produced.

17.    The Party returning or destroying any unintentionally produced documents or information may move for an order compelling production of some or all of the documents or information to be returned or destroyed, but the fact that the documents or information were hereafter produced inadvertently shall not be deemed to be a waiver of any privilege or protection, and shall not be a basis for compelling production.  In addition,

any motion to compel production of documents or information to be returned or destroyed shall not include or reference the specific contents of the unintentionally produced documents or information.  The burden to prove that an inadvertently produced document contains Privileged Information and was first produced to the receiving Party hereafter shall be upon the Party claiming such document is privileged or protected.

18.    The amount of time and scrutiny the Parties devote to searching for and excluding Privileged Information from their productions is within the sole discretion of each of them.  Nothing in this Order will be construed or interpreted to limit or reduce or extend the amount of time or scrutiny that a party should devote to the review of Discovery Materials prior to their production to identify and prevent Privileged Information from being disclosed.

## OTHER CONDITIONS

19.    The designation of any information, document or thing as Confidential and/or inadvertently disclosed Privileged Information shall constitute a representation that such material has been reviewed by an attorney representing a party making the designation, and that there is a good faith basis for such designation.

20.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

21.    In the event that any party believes that it is necessary to accord greater protections to any Discovery Materials than the protections set forth above – including, without limitation, a designation of Discovery Materials as "attorney's eyes only" – counsel for the parties shall confer in good faith in order to determine whether such Discovery Material shall be accorded such greater protections. In the event the parties cannot reach agreement, the party asserting that greater protections are necessary may move the Court on reasonable notice for an order providing for such greater protections. Absent entry of such an order, the Discovery Material shall be produced in accordance with this Stipulation.

22.    This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground except on the grounds of confidentiality. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

23.    This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written further stipulation of the parties filed with the Court.

24.    Within 60 days after the final disposition of this matter, including the conclusion of all appeals, all parties shall (1) destroy all Confidential material, produced by another party or non-party and designated as Confidential, including all copies, or (2) continue to maintain any such Confidential material in a manner consistent with the terms of this Agreement.

IT IS SO ORDERED.

_____

Hon. EDGARDO RAMOS, U.S.D.J.

Dated: March 23, 2026

New York, New York

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TRACY MOSS, INDIVIDUALLY AND AS A REMAINDERMAN OF THE GOLDIE B. MOSS IRREVOCABLE TRUST,<br>       Plaintiff,<br>           v.<br>IVEN TAUB, ESQ., TRUSTEE OF THE GOLDIE B. MOSS IRREVOCABLE TRUST,<br>       Defendant. | **Case No.: 1:25-cv-03592-ER**<br><br>**AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |

I, _____ , being duly sworn, state that:

1.  My address is _____.

2.  My present employer is _____ and the address of my present employment is _____.

3.  My present occupation or job description is _____.

4.  I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Discovery Confidentiality Order.

5.  I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.  I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.  Within 60 days after the final disposition of this matter, including the conclusion of all appeals, I will (i) destroy all Confidential material, produced by another party or non-party and designated as Confidential, including all copies, or (ii) continue to maintain any such Confidential material in a manner consistent with the terms of this Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:_____          _____
                                                          [Name]